OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated April 27, 2011. A prehearing conference was held on February 16, 2012. Although notified of the date, the respondent failed to appear. Following hearings, which were finally held on April 27, 2012, and May 24, 2012, the Special Referee sustained the charge in the petition. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and appropriate. The respondent joins in the motion to confirm, but asks that the Court disregard certain remarks made by the Special Referee in her report regarding mitigation evidence presented by him. He asks that he be publicly censured for his misconduct or, in the alternative, suspended for the time served under the interim suspension order.
Charge one alleges that the respondent engaged in a repeated pattern and practice of failing to cooperate with legitimate investigations by the Grievance Committee regarding complaints of professional misconduct filed against him, and failed to comply with the Grievance Committee’s lawful demands, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
By letter to the respondent dated July 20, 2010, sent via first class mail, the Grievance Committee forwarded a copy of a *281 complaint of professional misconduct received from Herbert S. Gulston, and directed the respondent to submit a written answer within 10 days of his receipt thereof. The respondent failed to submit an answer or request additional time in which to do so. Despite follow-up letters mailed to the respondent on August 6, 2010, and on September 16, 2010, sent via first class and certified mail, the respondent failed to comply or otherwise cooperate with the Grievance Committee regarding the Gulston complaint. The letters advised the respondent that failure to respond or otherwise cooperate constituted professional misconduct independent of the merits of the underlying complaint, and warned him that should he continue to fail to cooperate with the investigation, the Grievance Committee might seek his immediate suspension.
By letter to the respondent dated January 3, 2011, sent via first class mail, the Grievance Committee forwarded a copy of a complaint of professional misconduct received from Julie Medina, and directed the respondent to submit a written answer within 10 days of his receipt thereof. The respondent failed to submit an answer or request additional time in which to do so. Despite follow-up letters mailed to the respondent on January 24, 2011, and on February 23, 2011, sent via first class and certified mail, the respondent failed to comply or otherwise cooperate with the Grievance Committee regarding the Medina complaint. The Grievance Committee warned in its letter that should the respondent continue to fail to cooperate with the investigation, the Grievance Committee might seek his immediate suspension.
Based on the uncontroverted evidence and the respondent’s admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted.
In mitigation, the respondent testified that he unexpectedly lost his position as in-house counsel with a firm. He went back into private practice; however, the recession severely affected him, causing a substantial drop in his business, which was predominantly a real estate practice. Already depressed about his employment situation, the respondent thereafter sustained a series of injuries (herniated disc, torn quadriceps tendons on both knees), resulting from a motor vehicle accident occurring in November 2008, and a subsequent fall in July 2011. The successive injuries caused the respondent to gain substantial weight as they left him in a sedentary state, causing him to become *282 even more depressed. Furthermore, the medications prescribed for his injuries, particularly for pain, which the respondent took over a course of several years, affected his ability to think clearly and clouded his judgment, and ultimately caused him to neglect his cases. The respondent testified, however, that he was now taking fewer painkillers, and that the condition of his back and legs was improving.
In papers submitted in response to the motion to confirm, the respondent objected to remarks made by the Special Referee in her report as to his misuse or abuse of prescription medication. While we conclude that the evidence does not necessarily support a finding of misuse or abuse of medication, the Special Referee appropriately expressed concern with the respondent’s physical and mental health in light of his hearing testimony, particularly since he failed to offer any competent medical evidence with regard to his present physical health and mental condition. We further find the one-page report from Beth Lazarus, a clinical social worker, submitted posthearing, to be inadequate in addressing the concerns raised about the respondent’s physical and mental condition.
The respondent previously was admonished in October 2010 concerning his neglect of a matrimonial matter.
Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year, with credit for the time elapsed under the interim order of suspension, with leave to apply for reinstatement immediately. Any application for reinstatement must be accompanied by a report from the respondent’s treating physician with regard to the respondent’s physical health and a report from a competent medical professional with regard to the respondent’s mental health.
Eng, EJ., Mastro, Skelos, Dillon and Austin, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Ralph E. Ciervo, admitted as Ralph Eugene Ciervo, is suspended from the practice of law for a period of one year, with credit for the time elapsed under the interim order of suspension, and continuing until further order of the Court, with leave to apply for reinstatement immediately. In such application, the respondent shall furnish satisfactory proof that during the said period, he (a) refrained from practicing or attempting to practice law, (b) fully complied with this or *283 der and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) has otherwise properly conducted himself; and it is further,
Ordered that any application for reinstatement shall be accompanied by a report from the respondent’s treating physician with regard to the respondent’s physical health and a report from a competent medical professional with regard to the respondent’s mental health; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Ralph E. Ciervo, admitted as Ralph Eugene Ciervo, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.
Ordered that if the respondent, Ralph E. Ciervo, admitted as Ralph Eugene Ciervo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).